COURT OF APPEALS OF VIRGINIA


Present:  Judges Felton, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


JAMES KEVIN BARRETT, SR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 0977-02-2       JUDGE JERE M. H. WILLIS, JR.
                                         JUNE 3, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Catherine C. Hammond, Judge

            (Dannie R. Sutton, Jr.; Goodwin, Sutton &
            DuVal, P.L.C., on brief), for appellant.
            Appellant submitting on brief.

            Steven A. Witmer, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     On appeal from his bench trial conviction of driving after

having been declared an habitual offender, second offense, James

Kevin Barrett contends the trial court erred by denying his

motion to suppress.  He argues that the police officer lacked a

reasonable, articulable suspicion of criminal activity that

justified stopping him.  We affirm the judgment of the trial

court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Background</u>

Between 8:00 a.m. and 9:00 a.m. on August 14, 2001, Officer Edward John Kubicki observed a car parked on the side of the road. Approaching the vehicle, he saw Barrett, the driver, and the female passenger make a hand-to-hand exchange. The woman spotted the police vehicle and quickly hid from view. Barrett then drove the car behind a townhouse complex, an area known for drug trafficking. Barrett and the woman exited the car, and Kubicki asked to speak with them. Turning to face the officer, Barrett and the woman admitted they did not live at the townhouse complex and stated they had not seen the "No Trespassing" sign posted at the entrance. They said they were visiting a friend, but could not state the friend's name. Barrett left the scene as Kubicki searched the woman and then allowed her to leave. Kubicki left the area but remained where he could observe the parking lot. Several minutes later, Barrett emerged from a wooded area behind the buildings. Seeing the officer, he began to run. Calling for him to stop, Kubicki chased him on foot and caught him. Kubicki then learned of Barrett's habitual offender status.

<u>Analysis</u>

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon the defendant to show that the ruling, when the evidence is considered most favorably to the

-

Commonwealth, constituted reversible error.'"  McGee v.

Commonwealth*, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997)

(en banc) (citation omitted).  "[W]e review de novo the trial

court's application of defined legal standards such as probable

cause and reasonable suspicion to the particular facts of the

case."  Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d

357, 359 (1999) (citation omitted).  "In performing such

analysis, we are bound by the trial court's findings of

historical fact unless 'plainly wrong' or without evidence to

support them and we give due weight to the inferences drawn from

those facts by resident judges and local law enforcement

officers."  McGee*, 25 Va. App. at 198, 487 S.E.2d at 261

(quoting Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

> In appropriate circumstances, an
> officer, lacking probable cause to arrest,
> may nevertheless approach a person he or she
> suspects of being engaged in criminal
> activity to investigate such activity.  An
> officer may detain a person in a "Terry[1]
> stop" if the officer possesses articulable
> facts supporting a reasonable suspicion that
> a person has committed a criminal offense,
> is engaging in one, or is about to engage in
> one.  In determining whether an officer had
> a particularized and objective basis for
> suspecting a person of criminal activity, a
> court must consider the totality of the
> circumstances.  The test for reasonable
> suspicion under Terry is less stringent than
> the test for probable cause.  Reasonable
> suspicion can be established with
> information different in quantity or content

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).

-

> than that required to establish probable cause. Reasonable suspicion differs from probable cause "also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause."

Clarke v. Commonwealth, 32 Va. App. 286, 294-95, 527 S.E.2d 484, 488-89 (2000) (citations omitted) (footnote added). In Illinois v. Wardlow, 528 U.S. 119 (2000), the Supreme Court reaffirmed the basic principles embodied in Terry and held that "[h]eadlong flight" in an area known for criminal activity gave the police reasonable suspicion to detain a suspect. Id. Cf. Welch v. Commonwealth, 15 Va. App. 518, 425 S.E.2d 101 (1992) (flight as evidence of consciousness of guilt).

Barrett engaged in a series of suspicious activities before Kubicki detained him. He performed what appeared to be a hand-to-hand transaction with a woman who quickly ducked out of view when she saw the police vehicle. He then drove to an area with a high incidence of illegal drug activity and marked with a "No Trespassing" sign. He admitted he did not live in the complex and was unable to name the person he claimed to be visiting. He left and concealed himself. After Kubicki left the parking lot, Barrett reappeared, but as soon as he saw the officer's vehicle, he fled. This suspicious behavior and presence in a high drug area, combined with Barrett's headlong flight, provided Kubicki a reasonable suspicion of criminal

-

activity, justifying his stopping Barrett for inquiry.  The trial court did not err in denying the motion to suppress.

We affirm the judgment of the trial court.

<u>Affirmed.</u>

-